IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY PAUL and
MARTA PAUL,

      Plaintiffs,

v.                                                                                    Civ. No. 23-975 JFR/SCY

S.N.Y. RELOCATION SYSTEM CO.,
PURPLE HEART, and
JOHN DOE 1 to 5,

      Defendants.

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR ALTERNATIVE SERVICE

This case arises from damage to Plaintiffs' property during its transport from California to New Mexico in 2020. Being unable to serve the two Defendants—which are both dissolved corporations—Plaintiffs filed the present Application to Serve Summons on Defendants by Publication, seeking to serve Defendants either by publication or by service on the Secretaries of State where each corporation is domiciled. Doc. 12. Federal Rule of Civil Procedure 4 provides that a corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A). Defendant S.N.Y. Relocation System is a dissolved California corporation and Defendant Purple Heart is a dissolved Florida corporation. Doc. 12-1 at 40, 44. Plaintiffs therefore request leave for alternative service following the state laws where service is to be made—California and Florida. The Court will address each in turn.

1. **S.N.Y. Relocation System (California)**

As of December 30, 2021, Defendant S.N.Y. Relocation System Co. is a dissolved California corporation. Doc. 12-1 at 40 (Certificate of Dissolution). The Certificate of Dissolution is signed by Omry Ezra Atia. A filing from February 2020, prior to dissolution, with the California Secretary of State lists Atia as the only officer (the Chief Executive Officer, Secretary, and Chief Financial Officer), as the sole director, and as the agent for service of process for S.N.Y. Relocation System. Doc. 12-1 at 42. The address listed for Atia, and the address for service, is 6049 Bluebell Ave, North Hollywood, CA 91607. *Id.* The company's address is listed as 10880 Wilshire Blvd, Suite 1101, Los Angeles, CA 90024. Doc. 12-1 at 42. A search of the California Secretary of States's website reveals this same information. California Secretary of State Business Search, https://bizfileonline.sos.ca.gov/search/business (last visited July 18, 2024).

> In their affidavit, Plaintiffs explain that they
>
> sought to serve the corporation's last known agent for service of process Omry Ezra Atia, at the address shown on the corporation's last Statement of Information filed with the California Secretary of State on February 10, 2020: 6049 Bluebell Avenue, North Hollywood, California. According to Plaintiffs' process server no one at that address answered. Plaintiffs also attempted to serve Defendant, SNY, at their last known business address at 10880 Wilshire Blvd, Suite 1101, Los Angeles, California. Unfortunately, the business was no longer at that address and no forwarding address was located.

Doc. 12-1 at 4 ¶ 9. They also state that they "have continued to conduct research on the internet, including Westlaw Public Database searches and Google and other search engines, trying to locate a current address for these individuals who were the designated agents for service of process and also the sole directors of the corporations" but that their attempts have been unsuccessful. *Id.* ¶ 10.

Plaintiffs first request leave of the Court to serve S.N.Y. Relocation System through the California Secretary of State according to California Corporation Code § 1702 and California Code of Civil Procedure §§ 416.10. Doc. 12. California Corporation Code § 1702(a) provides that,

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b), or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

While Plaintiffs cross-reference California Code of Civil Procedure § 416.10 regarding service on corporations generally, § 416.20(a) governs because S.N.Y. Relocation System is a dissolved corporation. Under § 416.20(a) "[a] summons may be served on a corporation that . . . has dissolved[] by delivering a copy of the summons and of the complaint to a person who is a trustee of the corporation and of its stockholders or members."

Thus, reading § 1702 and § 416.20(a) together, before allowing service on the Secretary of State, this Court must be satisfied that: (1) the designated agent cannot with reasonable diligence be found at the designated service address; and (2) Plaintiffs have shown by affidavit that the corporation cannot be served with reasonable diligence according to § 416.20(a)—i.e., delivering a copy of the summons and complaint on a person who is a trustee of the corporation.

Plaintiffs' present motion is deficient in two ways. First, the Court is not satisfied that Plaintiffs' attempts at serving the designated agent satisfy the reasonable diligence requirement.

"To determine whether a plaintiff has attempted service with reasonable or due diligence, the Court must ask 'whether the plaintiff took the steps a reasonable person who truly desired to give notice of the action would have taken under the circumstances.'" *Wells Fargo Bank, N.A. v. Baishunxing Trading Inc.*, No. CV 24-336 PA (BFMX), 2024 WL 2429510, at *2 (C.D. Cal. Apr. 19, 2024) (citing *Rios v. Singh*, 65 Cal. App. 5th 871, 880–81 (2021)). "The 'reasonable diligence' requirement 'denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Am. Fire & Cas. Co. v. Nick Sessions*, No. 1:24-CV-00082-CDB, 2024 WL 2209701, at *4 (E.D. Cal. May 16, 2024) (citing *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996)).

Here, Plaintiffs allege that they attempted to serve Atia (the last known agent) at the last provided address for service and that "[a]ccording to Plaintiffs' process server no one at that addressed answered." Doc. 12-1 at 4 ¶ 8. Plaintiffs do not state how many time their process served attempted service at this address and if the process server was diligent in those attempts. For instance, the diligent requirement would not be met if the process server went to the address during the middle of the day (when many people work), knocked on the door, received no response, left, and then made no further attempts at service. Without more information, the Court does not find that Plaintiffs have attempted service with reasonable diligence.[1]

Second, the motion is deficient in that Plaintiffs provide no information as to their attempts to serve a trustee, or their attempts to determine if a trustee exists, as requires by

---

[1] Should Plaintiffs choose to resubmit their request for alternative service, in addition to providing more information as to attempts at service made by their process server, they should also provide some additional information as to the extent of their effort to find a forwarding address, such as whether they employed a skip-trace.

§ 416.20(a). Accordingly, the Court denies without prejudice Plaintiffs' request to serve Defendant S.N.Y. Relocation System through the Secretary of State.

Alternatively, Plaintiffs request leave of the Court to serve S.N.Y Relocation System by publication according to California Code of Civil Procedure § 415.50. Section 415.50 allows for service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." § 415.50(a). As discussed above, Plaintiffs have not demonstrated that S.N.Y. Relocation System cannot, with reasonable diligent, be served in another manner. Accordingly, the Court also denies without prejudice Plaintiffs' request to serve S.N.Y. Relocation System by publication.

2. **Purple Heart (Florida)**

According to a printout from the Florida Secretary of State's website provided by Plaintiffs, as of January 11, 2022, Defendant Purple Heart Moving Group, Inc. is a dissolved Florida corporation. Doc. 12-1 at 44. Information filed with the Florida Secretary of State lists Yevgeniy Tolkachev as the registered agent and the officer/director. *Id.* at 45. Tolkachev's address is listed as 574 Edgebrook Ln, West Palm Beach, FL 33411, while the principal address, mailing address, and registered agent address for the company is listed as 2290 10th Ave N., Suite 401, Lake Worth, Florida 33461. *Id.*; *see also* Florida Department of State, Division of Corporations Business Search, https://dos.fl.gov/sunbiz/search/ (last visited July 23, 2024).[2]

---

[2] In their amended complaint, Plaintiffs identify this defendant as "Purple Heart." Doc. 8. A search of the Florida Department of State's Division of Corporations reveals two possible companies: Purple Heart Moving Group, Inc. and Purple Heart Moving, Inc. *See* Florida Department of State, Division of Corporations Business Search, https://dos.fl.gov/sunbiz/search/ (last visited July 23, 2024). According to the business search, Purple Heart Moving, Inc. has the same principal address and mailing address as Purple Heart Moving Group, Inc. (21290 10th Ave, Suite 401, Lake Worth, Florida 33461). *Id.* The companies differ in their listed

In their affidavit, Plaintiffs explain that,

> according to the Florida Division of Corporations Voluntary Dissolution printout, the registered agent for service of process was Tolkachev Yevgeniy whose address was shown as the same as the business' last known address: 2290 10th Avenue N, Suite 401, Lake Worth, Florida . . . . Attempts of service at this address were unsuccessful. Additionally, service at Mr. Yevgeniy's address at 574 Edgebrook Lane, West Palm Beach Florida was equally unsuccessful.

Doc. 12-1 at 4 ¶ 9. As with Defendant S.N.Y. Relocation System, Plaintiffs also explain that they have "continued to conduct research on the internet, including Westlaw Public Database searches and Google and other search engines, trying to locate a current address for these individuals who were the designated agents for service of process and also the sole directors of the corporations." *Id.* ¶ 10.

Plaintiffs request leave of the Court to serve Defendant Purple Heart through the Florida Secretary of State according to Florida Statutes Annotated § 48.081. Under § 48.101, service on a dissolved domestic corporation must be done in accordance with § 48.081. Fla. Stat. Ann. § 48.101(2)(a). Section 48.081, in turn, provides several steps for attempted service before reaching service on the Secretary of State. First, a corporation may be served with process on "its registered agent designated by the corporation." Fla. Stat. Ann. § 48.081(2). Second, if service on the registered agent is unsuccessful, process may be served on "[t]he chair of the board of

---

officer/director and registered agent. While Purple Heart Moving Group, Inc. lists its officer/director and registered agent as Yevgeniy Tolkachev (with an address for the officer/director as 574 Edgebrook Ln, West Palm Beach Florida, 33411), Purple Heart Moving, Inc. lists its officer/director and registered agent as Marina Tolkacheva (with an address for the officer/director and for service as 1402 S. Dixie Hwy, Apt 1203, Lantana Florida, 33462). *Id.* In their motion, Plaintiffs only provide information as to Purple Heart Moving Group, Inc. (not Purple Heart Moving, Inc.). Doc. 12-1. This appears correct as, according to the amended complaint, Plaintiffs first contacted Purple Heart in or about September or October of 2020, Doc. 12-1, and Purple Heart Moving, Inc. voluntarily dissolved on June 8, 2020. Florida Department of State, Division of Corporations Business Search, https://dos.fl.gov/sunbiz/search/ (last visited July 23, 2024).

directors, the president, any vice president, the secretary, or the treasurer of the domestic corporation or registered foreign corporation," or "[a]ny person listed publicly by the domestic corporation or registered foreign corporation on its latest annual report, as most recently amended." Fla. Stat. Ann. § 48.081(3); *see also* Fla. Stat. Ann § 48.101(2)(b). In this case, § 48.081(2) and (3) contemplate service on the same person, as Yevgeniy Tolkachev is listed as the registered agent, the only officer/director, and is the only name that appears on the most recent annual report.[3] *See* Florida Department of State, Division of Corporations Business Search, https://dos.fl.gov/sunbiz/search/ (last visited July 23, 2024).

Lastly, "[i]f, after due diligence, the process cannot be completed under subsection (2)"—i.e., service on the registered agent—and either "[t]he only person listed publicly by the domestic corporation . . . on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2); or [a]fter due diligence, service was attempted on at least one person listed publicly by the domestic corporation . . . on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3)," then process may be served on the Secretary of State according to § 48.161. Fla. Stat. Ann. § 48.081(4). Again, here, the registered agent (Yevgeniy Tolkachev) is the only person listed on the last annual report. Turning to § 48.161, when "a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and

---

[3] If the address listed for the registered agent, or any person listed on the latest annual report, is a "residence, a private mailbox, a virtual office, or an executive office or mini suite," service may be made by following § 48.031. Fla. Stat. Ann. § 48.081(5). Section 48.031 provides for service by "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. Ann § 48.031(1)(a).

7

effectuate personal service, may use substituted service" on the Secretary of State. Fla. Stat. Ann. 48.161(3). "The party effectuating service is considered to have used due diligence if that party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. Ann. § 48.161(4).

Thus, the Court turns to the question of whether Plaintiffs have attempted service on Yevgeniy Tolkachev with "due diligence." The Court is not currently satisfied that Plaintiffs have met that standard. Plaintiffs state that they attempted to serve Tolkachev at the two addresses available for him but that attempts "were unsuccessful." Doc. 12-1 at 4 ¶ 9. Plaintiffs, however, provide no further information on these attempts, such as how many attempts they made and the circumstances of the attempts. Further, although Plaintiffs state that they are continuing to conduct research to locate a current address for service, they provide no further information as to that research and so the Court is not able to confirm whether they have "[m]ade [a] diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service." Fla. Stat. Ann. § 48.161(4)(a). The Court, therefore, denies without prejudice Plaintiffs' request to serve Defendant Purple Heart through the Florida Secretary of State.

Alternatively, Plaintiffs request leave of the Court to serve Defendant Purple Heart by publication according to Florida States Rule of Civil Procedure 1.070(d). Under Rule 1.070(d), "Service of process by publication or any other means may be made as provided by statute." *See*

*also* Fl. Stat. Ann. § 49.021(2) ("[S]ervice of process by publication may be had upon any party" including "[a]ny corporation or other legal entity . . . whether dissolved or existing."). Looking at the statutes, § 49.011 allows for service by publication in certain types of cases, such as actions involving real property or actions involving family matters including adoptions, paternity, and dissolution of marriage. Fla. Stat. Ann. § 49.011. Plaintiffs do not argue that their case, seeking money damages under 49 U.S.C. § 14706 and for breach of contract, negligence, and fraud, fits into one of these enumerated causes of action and it does not appear to the Court that it does. *See Zieman v. Cosio*, 578 So. 2d 332, 332 (Fla. Dist. Ct. App. 1991) (holding that a complaint for damages alleging breach of contract, fraud, and recission does not fall under the enumerated actions in § 49.011 for service by publication).

Further, even if Plaintiffs' case is suitable for service by publication under Florida law, Plaintiffs must first file a statement showing "that diligent search and inquiry have [] been made, to discover the names and whereabouts of all persons upon whom the service of process would bind the said corporation and that the same is specified as particularly as is known to the affiant" and that "all officers, directors, general managers, cashiers, resident agents, and business agents of the corporation, either . . . [c]annot be found within the state; [c]onceal themselves so that process cannot be served upon them so as to bind the said corporation; or [t]hat their whereabouts are unknown to the affiant." Fla. Stat. Ann. § 49.051(1), (3)(b), (c), (d); *see also* Fla. Stat. Ann § 49.031(a). For the same reasons discussed above regarding service on the Florida Secretary of State, the Court finds that Plaintiffs have presently not met their burden to show such a diligent search and inquiry. The Court therefore denies without prejudice Plaintiffs' request to serve Defendant Purple Heart by publication.

3. **Ex Parte Motion**

Lastly, Plaintiffs filed the present motion ex parte. To the extent Plaintiffs filed the motion with the "ex parte" designation because briefing will be one-sided, the Court agrees to treat the motion as ex parte. That is, because of the nature of the motion (service on Defendants), Defendants are not yet in the case to respond to the motion. However, because Plaintiffs filed the motion with the designation "ex parte," the motion is currently under seal. Parties seeking to file a document under seal are required to seek leave of Court before doing so. *See* CM/ECF Adm. Proc. Manual para. 9(h)(1) & (2) (leave of Court required to file documents under seal except under Fed. R. Civ. P. 5.2(F), Fed. R. Crim. P. 49.1, or statute); *see also United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) ("A court can order documents sealed if the party moving for sealing is able to show some significant interest that outweighs the presumption in favor of open access to judicial records.") (internal quotation marks and citation omitted)). Thus, to the extent Plaintiffs intend for the motion to be sealed, they should request leave of Court to seal this filing. If Plaintiffs do not file a motion to seal within 10 days of the date of the order, the document will be unsealed without further notice.

## CONCLUSION

For these reasons the Court DENIES WITHOUT PREJUDICE Plaintiffs' Application to Serve Summons on Defendants by Publication (Doc. 12). In order to afford Plaintiffs additional time to address the deficiencies discussed in this Order, the Court sua sponte extends the deadline to effect service or file a new motion for alternative service to 60 days from the entry of this Order. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a

10

specified time."). Plaintiffs are reminded that failure to effect service within the time allowed may result in dismissal of their complaint without prejudice.

    Lastly, within 10 days of this Order, Plaintiffs shall request leave of Court to seal the motion (Doc. 12 and attachments), or the Court will unseal it without further notice.

_____
Steven C. Yarbrough
United States Magistrate Judge