IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY PAUL and
MARTA PAUL,

      Plaintiffs,

v.                                                Civ. No. 23-975 JFR/SCY

S.N.Y. RELOCATION SYSTEM CO.,
PURPLE HEART, and
JOHN DOE 1 to 5,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR ALTERNATIVE SERVICE

This case arises from damage to Plaintiffs' property during its transport from California to New Mexico in 2020. Being unable to serve the two Defendants—which are both dissolved corporations—Plaintiffs filed the present "Notice of Motion and Motion for Leave to Serve Summons on Defendants by Serving the Respective Secretary of State or Alternatively by Publication." Doc. 15. The Court grants Plaintiffs' request to serve Defendant S.N.Y. Relocation System through the California Secretary of State but denies without prejudice their request for alternative service on Defendant Purple Heart.

## BACKGROUND

Plaintiffs Jeremy Paul and Marta Weiss Paul filed their complaint on November 3, 2023 against Defendants S.N.Y. Relocation System Co. and Purple Heart, Doc. 1, and their amended complaint against the same Defendants on December 7, 2023, Doc. 8. By March 12, 2024, there being no further activity on the docket, the Court issued an Order to Show Cause for failure to serve. Doc. 9. Plaintiffs responded with a motion for extension, explaining that neither Defendant remains an active corporation. Consequently, Plaintiffs asserted that they needed

more time to locate service agents or move for alternative service. Doc. 10. The Court granted this request, extending the deadline to serve or file a motion for service by publication to July 2, 2024. Doc. 11.

On July 3, Plaintiffs filed their first motion for alternative service, seeking to serve Defendants by publication or by service on their respective Secretaries of State. Doc. 12. The Court denied that motion without prejudice, finding that Plaintiffs' request contained several deficiencies. Doc. 13. However, the Court also extended the deadline for Plaintiffs to effect service or file a new motion for alternative service to September 30, 2024. *Id.* at 10. Plaintiffs failed to meet that deadline and so on November 4, 2024, the Court issued its Second Order to Show Cause for failure to serve. Doc. 14. In response, Plaintiffs filed the present motion for alterative service, attaching an affidavit regarding service, executed by Jeremy Paul. Docs. 15, 15-1.

## ANALYSIS

Given that Plaintiffs have now filed a renewed motion for alternative service, the Court quashes the Second Order to Show Cause and will proceed to examine the service request.

Federal Rule of Civil Procedure 4 provides that a corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A). Defendant S.N.Y. Relocation System is a dissolved California corporation and Defendant Purple Heart is a dissolved Florida corporation. Doc. 12-1

at 40, 44.[1] Plaintiffs therefore request leave for alternative service following the state laws where service is to be made—California and Florida. The Court will address each in turn.

### 1. S.N.Y. Relocation System (California)

As of December 30, 2021, Defendant S.N.Y. Relocation System Co. is a dissolved California corporation. Doc. 12-1 at 40 (Certificate of Dissolution). The Certificate of Dissolution is signed by Omry Ezra Atia. A filing from February 2020, prior to dissolution, with the California Secretary of State lists Atia as the only officer (the Chief Executive Officer, Secretary, and Chief Financial Officer), as the sole director, and as the agent for service of process for S.N.Y. Relocation System. Doc. 12-1 at 42. The address listed for Atia, and the address for service, is 6049 Bluebell Ave, North Hollywood, CA 91607. *Id.* The company's address is listed as 10880 Wilshire Blvd, Suite 1101, Los Angeles, CA 90024. Doc. 12-1 at 42. A search of the California Secretary of States's website reveals this same information. California Secretary of State Business Search, https://bizfileonline.sos.ca.gov/search/business (last visited December 13, 2024).

> In their affidavit, Plaintiffs explain that they
>
> sought to serve the corporation's last known agent for service of process Omry Ezra Atia, at the address shown on the corporation's last Statement of Information filed with the California Secretary of State on February 10, 2020: 6049 Blubell [sic] Avenue, North Hollywood, California. According to Plaintiffs' process server no one at that address answered. Plaintiffs are informed and believe and based thereon allege that said Process Server made at least three separate attempts at each of these addresses at various times of day and days of the week in order to try and perfect service, including after normal working hours. Despite varying and attempting service at differing times and days of the week, no one answered the doors at either address nor gave the process server any evidence that any representative and/or agent of Defendant SNY was located at these addresses.

---

[1] In the present affidavit, Plaintiffs cite several exhibits that are not attached to the affidavit. Doc. 15-1. However, it is clear from the names of the exhibits that they are the same exhibits Plaintiffs attached to their previous affidavit (Doc. 12-1), and so the Court will cite those exhibits.

> Plaintiffs also attempted to serve Defendant SNY, at their last known business address at 10880 Wilshire Blvd, Suite 1101, Los Angeles, California. Unfortunately, the business was no longer at that address and no forwarding address was located.

Doc. 15-1 ¶ 8. Plaintiffs further explain that,

> After failing to serve Defendant SNY at the above addresses, Plaintiffs undertook a "People Search" on Plaintiff, Jeremy Paul's Westlaw database system at a cost of $279.00 to perform a "skip trace" on Defendant SNY and its officers and directors. The People Search report did not disclose any other addresses for the agents, officers, and directors of Defendant SNY. In addition to the Westlaw Database search, Plaintiffs also paid for an "Intellius.com" search for the last known addresses of Defendant SNY's agent for service, officers, and directors. Unfortunately, the results from the Intellius.com research failed to disclose any other address for Omar Astia [sic], or any of the other officers or directors of Defendant SNY in California.

*Id.* ¶ 9.

Plaintiffs first request leave of the Court to serve S.N.Y. Relocation System through the California Secretary of State according to California Corporation Code § 1702 and California Code of Civil Procedure § 416.10. Doc. 12. California Corporation Code § 1702(a) provides that,

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b), or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

While Plaintiffs cross-reference California Code of Civil Procedure § 416.10 regarding service on corporations generally, § 416.20(a) governs because S.N.Y. Relocation System is a dissolved corporation. Under § 416.20(a) "[a] summons may be served on a corporation that . . . has

4

dissolved[] by delivering a copy of the summons and of the complaint to a person who is a trustee of the corporation and of its stockholders or members."

Thus, reading § 1702 and § 416.20(a) together, before allowing service on the Secretary of State, this Court must be satisfied that: (1) the designated agent cannot with reasonable diligence be found at the designated service address; and (2) Plaintiffs have shown by affidavit that the corporation cannot be served with reasonable diligence according to § 416.20(a)—i.e., delivering a copy of the summons and complaint to a person who is a trustee of the corporation.[2] "To determine whether a plaintiff has attempted service with reasonable or due diligence, the Court must ask 'whether the plaintiff took the steps a reasonable person who truly desired to give notice of the action would have taken under the circumstances.'" *Wells Fargo Bank, N.A. v. Baishunxing Trading Inc.*, No. CV 24-336 PA (BFMX), 2024 WL 2429510, at *2 (C.D. Cal. Apr. 19, 2024) (citing *Rios v. Singh*, 65 Cal. App. 5th 871, 880–81 (2021)). "The 'reasonable diligence' requirement 'denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Am. Fire & Cas. Co. v. Nick Sessions*, No. 1:24-CV-00082-CDB, 2024 WL 2209701, at *4 (E.D. Cal. May 16, 2024) (citing *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996)).

In its prior order denying Plaintiffs' request for alternative service, the Court found two deficiencies with the request, which Plaintiffs' present motion remedies. First, the Court was not

---

[2] Relatedly, California Corporation Code § 2011(b) allows for service on the Secretary of State: "Summons or other process against [a dissolved] corporation may be served by delivering a copy thereof to an officer, director, or person having charge of its assets or, if no such person can be found, to any agent upon whom process might be served at the time of dissolution. If none of those persons can be found with due diligence and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that summons or other process be served upon the dissolved corporation by personally delivering a copy thereof, together with a copy of the order, to the Secretary of State or an assistant or deputy secretary of state." Here, as Atia is listed as the only officer, director, and agent, both § 1702(a) and § 2011(b) require service on him.

satisfied that Plaintiffs' attempts at serving the designated agent satisfied the reasonable diligence requirement. Plaintiffs alleged that they attempted to serve Atia (the last known agent) at the last provided address for service and that "[a]ccording to Plaintiffs' process server no one at that addressed answered." Doc. 12-1 at 4 ¶ 8. The Court found this insufficient because Plaintiffs did not state how many time their process served attempted service at this address and if the process server was diligent in those attempts. Doc. 13 at 4. In their present motion, Plaintiffs remedy this deficiency by explaining that the process server "made at least three separate attempts at [the Bluebell address] at various times of the day and days of the week . . . , include after normal working hours." Doc. 15-1 ¶ 8. Additionally, Plaintiffs detail in the present motion their attempts, albeit unsuccessful, at locating a different address for Atia through skip tracing. Doc. 15-1 ¶ 9. The Court is satisfied that Plaintiffs have attempted with reasonable diligence to serve the designated agent at the designated service address.

  Second, in its previous Order, the Court found Plaintiffs' motion deficient because Plaintiffs provided no information about their attempts to serve a trustee, or their attempts to determine if a trustee exists, as requires by § 416.20(a). In the present motion, Plaintiffs remedy this deficiency by explaining that they conducted a skip trace on S.N.Y. Relocation System and were unable to locate any other agents, officer, or directors of S.N.Y. Relocation System. Doc. 15-1 ¶ 9. The Court is satisfied that no further trustee exists.

  Thus, the Court finds that Plaintiffs attempted service with reasonable diligence and are unable to serve the designated agent or trustee of S.N.Y. Relocation System according to § 1702(a) and § 2011(b). Accordingly, the Court grants Plaintiffs' request to serve S.N.Y. Relocation System through the California Secretary of State. "Service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the

Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." CA Corp. Code § 1702(a); *see also* CA Corp. Code § 2011(b) (same). Because the Court grants the request for service on the Secretary of State, service by publication is unnecessary. Accordingly, the Court does not address Plaintiffs' request for service by publication.

2. **Purple Heart (Florida)**

According to a printout from the Florida Secretary of State's website provided by Plaintiffs, as of January 11, 2022, Defendant Purple Heart Moving Group, Inc. is a dissolved Florida corporation. Doc. 12-1 at 44. Information filed with the Florida Secretary of State lists Yevgeniy Tolkachev as the registered agent and the officer/director. *Id.* at 45. Tolkachev's address is listed as 574 Edgebrook Ln, West Palm Beach, FL 33411, while the principal address, mailing address, and registered agent address for the company is listed as 2290 10th Ave N., Suite 401, Lake Worth, Florida 33461. *Id.*; *see also* Florida Department of State, Division of Corporations Business Search, https://dos.fl.gov/sunbiz/search/ (last visited December 13, 2024).[3] The Notice of Corporate Dissolution found on the Florida Department of State website

---

[3] In their amended complaint, Plaintiffs identify this defendant as "Purple Heart." Doc. 8. A search of the Florida Department of State's Division of Corporations website reveals two possible companies: Purple Heart Moving Group, Inc. and Purple Heart Moving, Inc. *See* Florida Department of State, Division of Corporations Business Search, https://dos.fl.gov/sunbiz/search/ (last visited December 13, 2024). According to the business search, Purple Heart Moving, Inc. has the same principal address and mailing address as Purple Heart Moving Group, Inc. (21290 10th Ave, Suite 401, Lake Worth, Florida 33461). *Id.* The companies differ in their listed officer/director and registered agent. While Purple Heart Moving Group, Inc. lists its officer/director and registered agent as Yevgeniy Tolkachev (with an address for the officer/director as 574 Edgebrook Ln, West Palm Beach Florida, 33411), Purple Heart Moving, Inc. lists its officer/director and registered agent as Marina Tolkacheva (with an address for the officer/director and for service as 1402 S. Dixie Hwy, Apt 1203, Lantana Florida, 33462). *Id.* In their motion, Plaintiffs only provide information as to Purple Heart Moving Group, Inc. (not

provides that claims may be sent to 6670 Chandra Way, Lake Worth, Florida 33567. *See*

Voluntary Dissolution, Florida Department of State, Division of Corporations Business Search,

https://dos.fl.gov/sunbiz/search/ (last visited December 13, 2024).

> In their affidavit, Plaintiffs explain that,
>
>> according to the Florida Division of Corporations Voluntary Dissolution printout, the registered agent for service of process was Yevgeniy Tolkachev whose address was sown as the same as the business' last known address: 2290 10th Avenue N, Suite 401, Lake Worth, Florida . . . . Plaintiffs' process server made multiple attempts to serve Mr. Tolkachev at various times of day and on different days of the week, including after normal working hours. Attempts of service at this address were unsuccessful. Additionally, multiple service attempts at various times of day and days of the week at Mr. Tolkachev's address at 574 Edgebrook Lane, West Palm Beach Florida were equally unsuccessful.

Doc. 15-1 at ¶ 11. As with Defendant S.N.Y. Relocation System, Plaintiffs also explain that they

> undertook a "People Search" on Plaintiff, Jeremy Paul's Westlaw database system at a cost of $279.00 to perform a "skip trace" on Defendant PURPLE HEART, and its officers and directors. The People Search report did not disclose any other addresses for the agents, officers, and directors of Defendant PURPLE HEART. In addition to the Westlaw Database search, Plaintiffs also paid for an "Intellius.com" search for the last known addresses of Defendant PURPLE HEART's agent for service, officers, and directors. Unfortunately, the results from the Intellius.com research failed to disclose any other address for either Yevgeniy Tolkachev, or any of the other officers or directors of Defendant PURPLE HEART in Florida.

*Id.* ¶ 12.

Plaintiffs request leave of the Court to serve Defendant Purple Heart through the Florida

Secretary of State according to Florida Statutes Annotated § 48.081. Under § 48.101, service on

a dissolved domestic corporation must be made in accordance with § 48.081. Fla. Stat. Ann.

---

Purple Heart Moving, Inc.). Doc. 15-1. This appears correct as, according to the amended complaint, Plaintiffs first contacted Purple Heart in or about September or October of 2020, Doc. 8 ¶ 11, and Purple Heart Moving, Inc. voluntarily dissolved on June 8, 2020. Florida Department of State, Division of Corporations Business Search, https://dos.fl.gov/sunbiz/search/ (last visited December 13, 2024).

§ 48.101(2)(a). Section 48.081, in turn, provides several steps for attempted service before reaching service on the Secretary of State. First, a corporation may be served with process on "its registered agent designated by the corporation." Fla. Stat. Ann. § 48.081(2). Second, if service on the registered agent is unsuccessful, process may be served on "[t]he chair of the board of directors, the president, any vice president, the secretary, or the treasurer of the domestic corporation or registered foreign corporation," or "[a]ny person listed publicly by the domestic corporation or registered foreign corporation on its latest annual report, as most recently amended." Fla. Stat. Ann. § 48.081(3); *see also* Fla. Stat. Ann § 48.101(2)(b). In this case, § 48.081(2) and (3) contemplate service on the same person, as Yevgeniy Tolkachev is listed as the registered agent, the only officer/director, and is the only name that appears on the most recent annual report.[4] *See* Florida Department of State, Division of Corporations Business Search, https://dos.fl.gov/sunbiz/search/ (last visited December 13, 2024).

Lastly, "[i]f, after due diligence, the process cannot be completed under subsection (2)"—i.e., service on the registered agent—and either "[t]he only person listed publicly by the domestic corporation . . . on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2); or [a]fter due diligence, service was attempted on at least one person listed publicly by the domestic corporation . . . on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3)," then process may be served on the Secretary of State according to § 48.161. Fla.

---

[4] If the address listed for the registered agent, or any person listed on the latest annual report, is a "residence, a private mailbox, a virtual office, or an executive office or mini suite," service may be made by following § 48.031. Fla. Stat. Ann. § 48.081(5). Section 48.031 provides for service by "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. Ann § 48.031(1)(a).

Stat. Ann. § 48.081(4). Again, here, the registered agent (Yevgeniy Tolkachev) is the only person listed on the last annual report. Turning to § 48.161, when "a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service" on the Secretary of State. Fla. Stat. Ann. 48.161(3). "The party effectuating service is considered to have used due diligence if that party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. Ann. § 48.161(4).

Thus, the Court turns to the question of whether Plaintiffs have attempted service on Yevgeniy Tolkachev with "due diligence." In its prior order denying alternative service, the Court found Plaintiffs' explanation as to their attempts at service insufficient. Doc. 13 at 8. Plaintiffs previously stated that they attempted to serve Tolkachev at the two addresses available for him (574 Edgebrook Ln and 2290 10th Ave N.), but that attempts "were unsuccessful." Doc. 12-1 at 4 ¶ 9. Plaintiffs provided no further information on these attempts, such as how many attempts they made and the circumstances of the attempts, and the Court was not satisfied that they acted with due diligence. Doc. 13 at 8. In the present motion, Plaintiffs remedy this deficiency by explaining that their "process server made multiple attempts to serve Mr. Tolkachev at various times of day and of different days of the week, including after normal working hours." Doc. 15-1 ¶ 11.

10

The Court, however, is still not satisfied that Plaintiffs have attempted to serve Tolkachev with due diligence. Presently, Plaintiffs state that they made service attempts at the business's last known address (2290 10th Ave N) and Tolkachev's address (574 Edgebrook Ln). *Id.* However, the Notice of Corporate Dissolution on the Florida Department of State website lists a different address for notice of claims: 6670 Chandra Way, Lake Worth, FL 33467. *See also* Fla Stat. Ann § 607.1407(1)(a) ("A dissolved corporation may file notice of its dissolution with the department on the form prescribed by the department and request that persons with claims against the corporation which are not known to the dissolved corporation present them in accordance with the notice."). Plaintiffs' motion provides no indication that they attempted to provide notice of their claims at that address. As such, the Court denies without prejudice Plaintiffs' request to serve Defendant Purple Heart through the Secretary of State.

Alternatively, Plaintiffs request leave of the Court to serve Defendant Purple Heart by publication according to Florida States Rule of Civil Procedure 1.070(d). Under Rule 1.070(d), "Service of process by publication or any other means may be made as provided by statute." *See also* Fl. Stat. Ann. § 49.021(2) ("[S]ervice of process by publication may be had upon any party" including "[a]ny corporation or other legal entity . . . whether dissolved or existing."). Looking at the statutes, § 49.011 allows for service by publication in certain types of cases, such as actions involving real property or actions involving family matters including adoptions, paternity, and dissolution of marriage. Fla. Stat. Ann. § 49.011. Plaintiffs do not argue that their case, seeking money damages under 49 U.S.C. § 14706 and for breach of contract, negligence, and fraud, fits into one of these enumerated causes of action and it does not appear to the Court that it does. *See Zieman v. Cosio*, 578 So. 2d 332, 332 (Fla. Dist. Ct. App. 1991) (holding that a complaint for

11

damages alleging breach of contract, fraud, and recission does not fall under the enumerated actions in § 49.011 for service by publication).

Further, even if Plaintiffs' case is suitable for service by publication under Florida law, Plaintiffs must first file a statement showing "that diligent search and inquiry have [] been made, to discover the names and whereabouts of all persons upon whom the service of process would bind the said corporation and that the same is specified as particularly as is known to the affiant" and that "all officers, directors, general managers, cashiers, resident agents, and business agents of the corporation, either . . . [c]annot be found within the state; [c]onceal themselves so that process cannot be served upon them so as to bind the said corporation; or [t]hat their whereabouts are unknown to the affiant." Fla. Stat. Ann. § 49.051(1), (3)(b), (c), (d); *see also* Fla. Stat. Ann § 49.031(a). For the same reasons discussed above regarding service on the Florida Secretary of State, the Court finds that Plaintiffs have presently not met their burden to show a diligent search and inquiry. The Court therefore denies without prejudice Plaintiffs' request to serve Defendant Purple Heart by publication.

## CONCLUSION

For these reasons, the Second Order to Show Cause (Doc. 14) is QUASHED.

It is further ordered that the "Pro Se Plaintiffs Notice of Motion and Motion for Leave to Serve Summons on Defendants by Serving the Respective Secretary of State or Alternatively by Publication" (Doc. 15) is GRANTED IN PART AND DENIED IN PART as follows:

- Plaintiffs' request to serve Defendant S.N.Y. Relocation System through the California Secretary of State is GRANTED. Plaintiffs shall serve Defendant S.N.Y Relocation System by delivering by hand a copy of the process, together with a copy of this Order, to the Secretary of State or any person employed in the Secretary of State's office in the

capacity of assistant or deputy. Plaintiffs shall file a certificate of service by **January 30, 2025** indicating such service is complete.

- Plaintiffs' request to serve Defendant Purple Heart through the Florida Secretary of State or by publication is DENIED WITHOUT PREJUDICE. The Court sua sponte extends the deadline to serve Defendant Purple Heart or file a new motion for alternative service to **January 30, 2025**.

Lastly, Plaintiffs are reminded that failure to effect service within the time allowed may result in dismissal of their complaint without prejudice.

_____
Steven C. Yarbrough
United States Magistrate Judge