IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY PAUL and
MARTA WEISS PAUL,

           Plaintiffs,

v.                                                                Civ. No. 23-975 JFR/SCY

S.N.Y. RELOCATION SYSTEM CO.;
PURPLE HEART; and JOHN DOES 1-5,

           Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* regarding Plaintiffs' failure to prosecute and failure to serve the Doe Defendants.

The Court first addresses the issue of failure to prosecute. On March 3, 2025, the Court entered an Order Quashing Third Order to Show Cause noting that Plaintiffs had served Defendants S.N.Y. Relocation System and Purple Heart. Doc. 21; *see also* Doc. 18 (proof of service for Defendant S.N.Y. Relocation System on February 19, 2025); Doc. 20 (affidavit of service for Defendant Purple Heart on February 27, 2025). Since then, no answers have been filed on the docket and Plaintiffs have taken no further action in this case, such as moving for default judgment under Rule 55.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Additionally, under the Local Rules of this Court, "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."

D.N.M.LR-Civ. 41.1. Based upon Plaintiffs' lack of activity in this case, they will be required to show cause why this case should not be dismissed.

Additionally, Plaintiffs' first amended complaint names as defendants "John Doe 1 to 5, inclusive." Doc. 8. The record does not reflect that these fictitious defendants have been identified or served. Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The time to serve the fictitious defendants has run according to this rule. Thus, absent an extension of time to serve the fictitious defendants, Rule 4(m) requires the Court to dismiss those defendants without prejudice. Rather than choosing Rule 4(m)'s first option—dismissal without prejudice—the Court chooses to provide Plaintiffs the opportunity to avail themselves of Rule 4(m)'s second option—obtaining an extension of the service deadline.

As a prerequisite to serving the fictitious defendants, however, Plaintiffs must amend their complaint. *See Coe v. U.S. Dist. Ct. for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982) ("There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names . . . ."); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984) ("no federal statute or rule specifically countenances the naming of fictitious parties in a lawsuit"); *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022) ("substituting a named defendant for an unnamed defendant requires amending the complaint"). Because Plaintiffs have already amended once, they must seek leave of the Court to amend. Fed. R. Civ. P. 15(a)(2). The district court retains discretion to extend the time to identify and serve unknown defendants, without also deciding whether an amendment to the complaint would be permitted to add the

2

defendants once identified. *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022). The Court hereby notifies Plaintiffs that it will recommend dismissal without prejudice of the claims against the John Doe Defendants for failure to serve, absent a showing of good cause to (1) extend the deadline to identify the defendants, (2) move to amend the complaint to substitute them as named parties, and (3) serve them.

**IT IS THEREFORE ORDERED THAT** no later than **July 7, 2025**, Plaintiffs shall file a response to this Order showing cause why this case should not be dismissed without prejudice for failure to prosecute. Plaintiffs are also hereby notified that failure to respond to this Order may result in dismissal without further notice.

**IT IS FURTHER ORDERED** that, in order to avoid dismissal of this action against the John Doe Defendants, Plaintiffs must provide the Court, no later than **July 7, 2025,** with a written explanation showing good cause to (1) extend the deadline to identify the defendants, (2) move to amend the complaint to substitute them as named parties, and (3) serve them.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE