**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JEREMY PAUL and
MARTA PAUL,

      Plaintiffs,

v.                                  No. 1:23-cv-975 KG/SCY

S.N.Y. RELOCATION SYSTEM CO.,
and PURPLE HEART,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes the Court sua sponte. Given Plaintiffs' repeated failure to prosecute this case, I recommend dismissing this matter without prejudice.

**PROCEDURAL HISTORY**

Plaintiffs filed this lawsuit over two years ago, on November 3, 2023. Doc. 1. The complaint alleges that in October 2020, Plaintiffs hired Defendant Purple Heart to move their personal belongings from a home in San Rafeal, California to Santa Fe, New Mexico, and Defendant Purple Heart, a moving broker, contracted the moving job to Defendant S.N.Y. Relocation Systems.[1] *Id.* ¶¶ 13, 21. Plaintiffs allege that the move resulted in many broken, damaged, or missing items, and they bring claims for breach of contract of carriage, breach of contract, negligence, and fraud. *Id.* at 22-30. On November 20, 2023, the Court instructed Plaintiffs to file an amended complaint that included Plaintiff Marta Paul's signature, Doc. 7, which Plaintiffs then filed on December 7, 2023, Doc. 8.

---

[1] The complaint also names as defendants John Does 1 to 5. Doc. 1. Plaintiffs later dismissed them. Doc. 23.

By March 12, 2024, Plaintiffs had not served Defendants and so the Court entered its first Order to Show Cause for failure to serve, directing Plaintiffs to either effect service or show cause in writing why service had not been made. Doc. 9. In response, Plaintiffs filed a motion for extension of time to serve, explaining that service was difficult because the defendant companies were no longer active corporations. Doc. 10. The Court quashed the Order to Show Cause and extended the deadline to serve or file a motion for service by publication to July 2, 2024. Doc. 11.

On July 3, 2024, Plaintiffs filed a motion for service by publication. Doc. 12. The Court denied that motion without prejudice, explaining the deficiencies in Plaintiffs' motion and sua sponte extending the deadline to serve or file a new motion for service by publication to September 30, 2024. Doc. 13. By November 4, 2024 Plaintiffs had taken no further action in the case and the Court entered a second Order to Show Cause for failure to serve. Doc. 14. On November 18, Plaintiffs filed a renewed motion for service by publication. Doc. 15. The Court granted the motion in part, allowing Plaintiffs to serve Defendant S.N.Y. Relocation System through the California Secretary of State. Doc. 16. The Court denied the motion in part as to alternative service on Defendant Purple Heart, pointing out several deficiencies with Plaintiffs' motion. *Id.* The Court set a deadline of January 30, 2025 for Plaintiffs to serve Defendant S.N.Y. Relocation System through the California Secretary of State and for Plaintiffs to serve Defendant Purple Heart or file a new motion for alternative service. *Id.*

The January 30 deadline having passed with no further action from Plaintiffs, the Court entered its third Order to Show Cause for failure to serve on February 5, 2025. Doc. 17. In response, Plaintiffs filed affidavits of service as to both Defendants. Docs. 18, 20. Accordingly, the Court quashed its third Order to Show Cause on March 3, 2025. Doc. 21.

By June 5, 2025, Plaintiffs had taken no further action in the case and so the Court entered its first Order to Show Cause for failure to prosecute. Doc. 22. In response, Plaintiffs filed a request for clerk's entry of default as to both Defendants. Docs. 24, 26. The Court quashed the Order to Show Cause, Doc. 27, and the Clerk's office filed an entry of default as to both Defendants on August 11, 2025, Doc. 28.

Again, Plaintiffs took no action in the case for more than 90 days and on November 18, 2025, the Court entered its second Order to Show Cause for failure to prosecute. Doc. 30. Plaintiffs filed a response on December 9, 2025, explaining that,

> Since the entry of Default, Plaintiffs have been diligently gathering evidence, including, but not limited to, receipts, appraisals, and photographs of their damaged property to be submitted as evidence in a prove up hearing to have the Court enter judgment in their favor. Plaintiff[s] have collected the majority of evidence necessary to support their application for a Court Judgment and requiring a short continuance of the OSC to allow them time to compile it into Exhibits to be attached to Plaintiffs' declarations in support.

Doc. 31 ¶ 8. Plaintiffs also explained that Plaintiff Marta Paul became ill in November, which delayed their efforts to request default judgment. *Id.* ¶¶ 9-10. Accordingly, Plaintiffs sought a "short continuance of thirty (30) days to allow them time to complete their application for a Court Judgment and submit it for filing with the requisite evidence to support a Court Judgment in their favor." *Id.* ¶ 11. On December 11, 2025, the Court quashed the second Order to Show Cause. Doc. 32. More than 90 days has passed since Plaintiffs' response and since the Court quashed the Order to Show Cause and, once again, Plaintiffs have taken no further action in the case.

## ANALYSIS

Rule 41(b) permits a court to dismiss an action or any claim for failing to prosecute that action or claim. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir.

2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."); *see also* D.N.M. LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward.").

"Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) ("[A] district court need not follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." (internal quotation marks and citation omitted)). However, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Given the advanced age of the case, the statute of limitations may have expired for some or all of Plaintiffs' claims. Thus, I will consider the *Ehrenhaus* factors and whether dismissal without prejudice (that, if Plaintiffs' claims become time-barred, is effectively dismissal with prejudice) is an appropriate sanction. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (reversing a dismissal without prejudice because, given the expiration of the statute of limitations, the district court should have given the plaintiff notice that it was effectively a dismissal with prejudice). Before dismissing a case with prejudice, the court should consider the five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of

4

interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious*, 492 F.3d at 1162 (internal citations omitted).

As to the first factor, Plaintiffs' failure to prosecute this case has caused minimal prejudice to Defendants, given Defendants' own lack of participation in the case. Plaintiffs' failure to prosecute, however, creates a bigger issue when examining factor two. That is, Plaintiffs' failure to participate in the case interferes with the judicial process by repeatedly stalling movement towards a resolution of the case. The Court has issued five orders to show cause. Although the Court's orders to show cause have prompted Plaintiffs to initiate action, or at least prompted Plaintiffs to request more time to initiate action, Plaintiffs' failure to move the case forward absent court prompting has prevented a timely and efficient resolution of this lawsuit. Relatedly, as to factor three, I find Plaintiffs culpable because they have taken virtually no action in this case unless prompted by a Court order to show cause. As to the fourth factor, Plaintiffs have been warned in the prior orders to show cause that failure to prosecute the case would result in dismissal. Doc. 22, 30. Lastly, no lesser sanction would be effective. Given Plaintiffs' continual failure to prosecute the case, any sanction less than dismissal would likely result in the same problem: the case will not move forward without the repeated issuance of orders to show cause. And, even with the repeated issuance of such orders to show cause the case will not move forward to resolution without significant delay.

### RECOMMENDATION

I recommend that the Court dismiss this case without prejudice. I note, however, that if Plaintiffs' claims become time-barred upon dismissal without prejudice, such dismissal may be

equivalent to dismissal with prejudice. Thus, although I recommend dismissal without prejudice, I also recommend the Court find the *Ehrenhaus* factors support dismissal of this action with prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

6